BOYCE & WRIGHT

*v.*

STROTHER.

*(Supreme Court of Appeals of Virginia, Oct. 3, 1878.)*

**Conveyance from Husband to Wife—Consideration—Burden of Proof.***

In a suit to set aside a conveyance from husband to wife on the grounds that it is not upon consideration deemed valuable in law, and consequently fraudulent and void as to creditors, the burden of proof that there was a valuable and adequate consideration is upon the wife.

**Same—Petition for Rehearing.**

Where the answer of the defendant is delayed by means beyond the control of such defendant, it is error not to allow a rehearing, when there is nothing in the record to indicate that this petition was filed merely for purposes of delay.

The opinion states the facts.

Appeal from circuit court of Frederick county.

Suit to set aside a fraudulent conveyance.

*Dandridge & Pendleton*, for appellants.

*Barton & Boyd*, for appellees.

BURKS, J., delivered the opinion of the court.

The bill in this case was filed by the appellee, Joseph T.

---

*See monographic note on "Fraudulent and Voluntary Conveyances," Va. Rep. Anno.

Strother, Jr., in behalf of himself and other creditors of U. L. Boyce to enforce liens against the estate of said Boyce and to that end, among other things, to set aside and annul two certain deeds, dated the 8th day of September, 1873, copies of which are filed with the bill. By one of these deeds, the said U. L. Boyce conveys to the appellant, Joseph T. Wright, all the right, title and interest of the said U. L. Boyce in and to a certain tract of land in the county of Clarke, the metes and bounds of which are given, containing two hundred and thirteen acres, three roods and eighteen poles, said interest being described in said deed as an estate for the life of the said U. L. Boyce, to be held by said Wright in trust for the sole and separate use of the appellant, Belinda F. Boyce, the wife of the grantor. The consideration for this settlement is recited in the deed as about six thousand two hundred and fifty dollars, the proceeds of the sale of certain property that belonged to Mrs. Boyce, which had been received and enjoyed by her husband.

By the other deed the said U. L. Boyce and wife convey to the said Joseph T. Wright a certain tract of land therein described, containing two hundred and ten acres, more or less. The consideration expressed in this deed in the conveyance to Mrs. Boyce by deed of that date of the property therein mentioned and described, and the further consideration of four thousand dollars to be thereafter paid to the said U. L. Boyce for which a vendor's lien is reserved on the face of the deed.

As to the deed first above mentioned the bill charges that it "was not made upon a consideration deemed valuable in law, but that the same is purely voluntary and consequently null and void; that for said conveyance the said U. L. Boyce did not receive from Mrs. Belinda F. Boyce, or from any one for her, or from any one else, any valuable

consideration whatever; and that said deed was executed with intent to hinder, delay and defraud creditors; and that the same is null and void and should be set aside." The same allegations, in substance, are made in reference to the deed last named.

The appellants, Mrs. Belinda F. Boyce and Joseph T. Wright, the latter in his character as trustee and in his own right, and the said U. L. Boyce, were, amongst others, made parties defendant by the bill, and writs of summons to answer the bill were issued personally upon each of them on the 3rd day of September, 1874.

U. L. Boyce filed his answer to the bill at the February term of the court, 1875, to which the complaint replied generally.

Several interlocutory orders for accounts and enquiries were made in the case from time to time, and reports made, to some of which exceptions were filed, but no decree was made determining the rights of the parties until the 17th day of February, 1877. None of the defendants had answered the bill except U. L. Boyce, and no evidence had been taken touching the two deeds of conveyance before mentioned, the validity of which was assailed by the bill. The court proceeding to hear the cause on the papers formerly read, after disposing of certain exceptions to the commissioner's report and ascertaining and determining the liens on the lands of U. L. Boyce, decreed as follows: "'There being no proof of a valuable consideration of the several conveyances executed by U. L. Boyce to Joseph T. Wright and to Joseph T. Wright, trustee, for Mrs. Belinda Boyce, as set forth in the complainant's bill; it is adjudged, ordered and decreed, that as to the debts audited in this cause, said deeds are void and of no effect, and the land therein conveyed is liable first to the payment of the debts set forth in this decree." And the special com-

1 Va Dec—9

missioners appointed by a former decree to lay off the land into parcels were ordered to go again on the land and make partition thereof as prescribed by the decree, and report the same to the court.

After this decree was made by the circuit court of the county of Clarke, in which court the bill was filed and the proceedings mentioned were had, the cause was removed to the circuit court of Frederick county, and there heard on the 28th day of June, 1877. Before it was heard, and at the same term of the court at which it was heard, by leave of the court, the appellants, Mrs. Boyce and J. T. Wright, filed their several demurrers and answers to the complainant's bill.

Mrs. Boyce in her answer avers that she was owner of valuable real estate in the state of Virginia, which under the laws of the state became her separate estate; that her husband, U. L. Boyce, became her debtor for money received by him from said property; that he received from the rents of said property prior to 1864, about $2,100.00, and that in the year 1864, he sold said property and received the sum of $6,250.00 therefrom; that he thus owed her these several sums with interest from the dates of their receipt; and she avers that these sums thus due to her were the consideration for the deed of September 8, 1873, whereby was conveyed to a trustee for her use the life estate of her husband in her lands, part of the debt to her being thus paid. She further avers that the balance of said debt was paid by a conveyance to her of the portion of the estate of Col. Joseph Tuley by Joseph T. Wright under and by authority of the court, by decree in Wright v. Mitchell in part consideration for the conveyance to him of two hundred and ten acres of land by said U. L. Boyce and wife, by deed of date September 8, 1873. She further avers that her husband, U. L. Boyce, also invested in the purchase of the shares of C. H. and A. Strother, in the estate of Col. Joseph

Tuley, deceased, about $2,000.00 of her separate estate; whereby, as she is advised and avers there arose for her benefit a resulting trust in said land in the possession of her husband; and she therefore denies that the said deeds of September 8th, 1873, were without valuable consideration in law and fraudulently executed.

The answer of Wright as trustee and in his own right, in its statements and averments, corresponds substantially with the answer of Mrs. Boyce.

After these answers were filed, it appears from a paper copied into the record, that Mrs. Boyce moved for a continuance of the clause. That paper is in these words:

"Joseph T. Strother

v.

U. L. Boyce.

"Your petitioner, B. F. Boyce, whose answer hath been filed at the present (June, 1877) term of this court, respectfully prays, that this cause be continued and leave be given her to take testimony upon the matters and facts involved in said answer, and despite the interlocutory decree heretofore entered in this cause affecting her rights. No final decree herein has passed; not until her answer was filed could she, upon any issue in the case, take such testimony.

"Her answer was prepared by Major S. J. C. Moore, of counsel for her, and in full time prior to any decrees in this cause sent by them to her, she living at some distance from the locality in which this suit was being tried—and the same miscarried.

"She is a married woman, unfamiliar with business, and herself knew nothing of the steps necessary to protect her interest.

"She is able to prove the full value given by her for the interests conveyed to her, as they appear in this cause.

"She prays as above and for such other further and general relief as may be equitable, and she will ever pray, etc.

"By S. J. C. Moore, D. & P., Sol's."

Without taking any notice of the application for a continuance, so far as appears by the record, the court proceeds to hear the cause again on the papers formerly read, the report of the special commissioners making partition of the lands under a former decree, exceptions to the report, the demurrers and answers of the appellants to the bill with replications to the answers, and inspection of the records of "Mitchell, etc., v. Wright, etc.," and "Wright, etc., v. Mitchell, etc.," offered in evidence by the complainant, and argued by counsel, and after overruling the demurrers to the bill and the exceptions to the report aforesaid, confirmed said report, and proceeded to decree as follows : "The court doth reaffirm the decision rendered in this cause on the 17th day of February, 1877, and doth again decree that the several conveyances executed by U. L. Boyce to Joseph T. Wright and to Joseph T. Wright, trustee, for Mrs. Belinda Boyce as set forth in the complainant's bill, as to the debts for the payment of which the land thereby conveyed is by the bill and proceedings in this cause sought to be subjected, are void and of no effect, and the said land is liable to the payment of the said debts as heretofore (ordered)."

The court further ordered, that unless U. L. Boyce, or some one for him, should, within sixty days from the rising of the court, pay to the several creditors their respective debts as audited and ascertained, special commissioners appointed for the purpose should make sale of the real estate in controversy in four several parcels specified in the decree, including the life estate of U. L. Boyce in the tract of forty-two acres assigned to Mrs. Boyce.

After this decree was directed to be entered, Mrs. Boyce offered a petition for rehearing of the decree of the 17th

February, 1877, to which the complainant objects, and therefore the court ordered and decreed that this petition be denied.

This petition of Mrs. Boyce reiterates the statement contained in her answer and refers to another petition as filed by her in February, 1876, in which she set out substantially, but not in detail, the same matter, which petition seems not to be noticed in the decree of February 17, 1877, and a doubt is suggested as to whether the court considered it as filed ; and she alleged further as a reason why her defence was not made at an earlier day, that her counsel, S. J. C. Moore had prepared for her her answer supported by incontrovertible documentary evidence showing that the deed of September 8, 1873, of U. L. Boyce to a trustee for her, whereby his life estate in her own proper realty involved in this cause, was upon valuable consideration, to wit, property of hers arising from her separate estate,. that said counsel sent her said answer to be sworn to, she living at some distance from Berryville and being in delicate health ; that said answer miscarried and did not reach her, so that this case was submitted for decision on the matters concerned by the decree of February term, 1877, before said answer could be filed ; that she is a woman unaccustomed to business and knew nothing of the importance of appearing in said cause on behalf of herself and her children to protect their interests. She asks leave to take testimony to prove the value paid by her under the deed to her, and says that "she is prepared and desires to be enabled to prove in the clearest manner, and by documentary evidence and testimony of many and disinterested witnesses, that said deed to her of September 8, 1873, was for value, being separate estate funds of hers, received by her said husband, in consideration whereof he agreed to, and in fact did, make said conveyance to her for her separate use."

. This petition is sworn to by Mrs. Boyce, and if the aver-

ments of her answer to the bill were supported by proof, it cannot be doubted that her defence would be complete. The only question is, whether she should have been allowed further time to furnish this proof, and the court is of opinion that such further time should have been allowed for that purpose.

Although this suit was commenced in September, 1874, it was not matured for hearing on its merits until February, 1877. As before stated several interlocutory orders for accounts were made from time to time, and as early as February term, 1876, Mrs. Boyce filed her petition, or offered to file it, setting forth the character of her defence and praying that the petition might be accepted and treated as her answer to the bill. No order appears to have been made in reference to it. However that may be, she procured her counsel to draw for her an answer to the bill, and this answer, accompanied as she swears, by incontrovertible documentary evidence of her claim, was forwarded to her by her counsel before the February term, 1877, miscarried and did not reach her, so that the case was submitted for decision at that term before her said answer could be filed. At the next succeeding term, her answer was filed, and she then asked for further time to exhibit her proof in support of her answer ; and to make the same available she filed her petition for rehearing of the decree of February 17, 1877. There is nothing in the record to indicate that this petition was filed merely for purposes of delay, or otherwise than in good faith. The delay occasioned by the rehearing is no good reason denying to this married woman the opportunity of showing, if she can, her right to the property she claims, and which her husband's creditors are asking to subject.

So much therefore of the decree of the 28th of June, 1877, as denies the petition of the appellant, Belinda F. Boyce, will be reversed and annulled, and the execution of the resi-

due of the decree, except such part thereof as relates to the personal estate conveyed by deed to S. J. C. Moore, trustee, the debts therein mentioned, and the sale ordered of said personal estate (as to which last-named matter there seems to be no controversy), will be suspended, and the cause will be remanded to the circuit court with liberty granted to the appellant, Belinda F. Boyce, to amend her petition for a rehearing of the decree of February 17, 1877, so as to embrace therein a rehearing also of that part of the decree of June 28, 1877, the execution of which shall be suspended as aforesaid, and with directions to the said circuit court, upon the filing of said petition, to give the said Belinda F. Boyce an opportunity of taking proofs in support of her answer to the complainant's bill and touching the matters involved in said decree, so far as they shall be reheard, and to then rehear the said decrees and further proceed in order to a final decree, in conformity to this opinion and the rules and principles of equity.